**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARNEY RAY WHITE,<br><br>    Plaintiff,<br><br>v.<br><br>DEPUTY LAO, *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-00911-EPG (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>(ECF No. 10) |

Darney Ray White ("Plaintiff"), a prisoner in the custody of the Fresno County Sheriff's Office, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 9, 2018, Plaintiff filed a motion to compel the Fresno County Sheriff's Office to allow him access to Fresno County Jail's law library. (ECF No. 10). Plaintiff states that he has requested access to the law library research kiosk, but has been denied access and instructed to produce an Order to Show Cause or request for an informal response from a court. *Id.*

On August 10, 2018, the Court sought a response to the motion to compel from Fresno County Sheriff's Office regarding the denial of legal research and law library access. (ECF No. 10).

On August 24, 2018, the County of Fresno filed a response to the motion to compel.

1

(ECF No. 13). The County states that Plaintiff has participated in training for use of the Jail's research tools and legal resources, and will receive library/research time up to 2 hours per day, Monday-Friday, in addition to legal supplies.

On September 7, 2018, Plaintiff also filed a reply to the Court's request for response. (ECF No. 14). Plaintiff states that the County violated his due process rights and has a conflict of interest. *Id.* Plaintiff argues that the County and Fresno County Counsel have been violating inmates due process rights to know and research the legality of the charges against them. Plaintiff takes issue with the following excerpt from a document dated June 17, 2014, and addressed to "Fresno County Jail Inmates": "Access to these resources is a privilege afforded the Pro Per inmate by the Courts and the Sheriff's Office, and as such may be restricted based upon inmate misconduct. There is no right or entitlement under California or Federal Law to access to a law library and legal research resources." (ECF No. 14 at 5).

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977)); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir.2009) (same). However, "the Constitution does not guarantee a prisoner unlimited access to a law library...[p]rison officials of necessity must regulate the time, manner, and place in which library facilities are used...." *Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 858 (9th Cir. 1985).

The Court is satisfied that the County has provided Plaintiff with adequate access to the law library at this time. Plaintiff does not dispute that he has been granted library access. Accordingly, Plaintiff's motion to compel is denied as moot.

By screening order separately issued on this date, the Court granted Plaintiff leave to file a second amended complaint.

\\\
\\\
\\\

If Plaintiff wishes to include the allegations in his reply, (ECF No. 14), in this action, he may do so in his second amended complaint, in accordance with the Court's screening order.

IT IS SO ORDERED.

Dated: **November 8, 2018**

/s/ *Erin P. Gross*
UNITED STATES MAGISTRATE JUDGE