UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNEY RAY WHITE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEPUTY LAO, *et al.*,<br><br>　　　　Defendants. | Case No. 1:18-cv-00911-DAD-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION PROCEED ONLY ON PLAINTIFF'S EXCESSIVE FORCE CLAIM AGAINST DEPUTY LAO AND DEPUTY GONZALEZ**<br><br>(ECF No. 17)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

**I.　　BACKGROUND**

Darney Ray White ("Plaintiff"), a prisoner in the custody of the Fresno County Sheriff's Office, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On July 5, 2018, Plaintiff commenced this action by filing a Complaint against Deputy Lao and Deputy Gonzalez, correctional officers at the Fresno County Sheriff's Office, and the County of Fresno. (ECF No. 1). On August 20, 2018, Plaintiff filed a First Amended Complaint. (ECF No. 12). The Court screened the First Amended Complaint, and finding that it failed to state any cognizable claim under the applicable legal standards, directed Plaintiff to file a Second Amended Complaint. (ECF No. 15).

On November 19, 2018, Plaintiff filed his Second Amended Complaint, (ECF No. 17), which is now before the Court for screening. For the reasons described below, the Court

recommends dismissing all claims in this action, except Plaintiff's excessive force claim against Deputy Lao and Deputy Gonzalez.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). The Court may also screen a complaint brought *in forma pauperis* under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## III. SUMMARY OF PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff names the following defendants in the operative complaint: Deputy Lao, Deputy Gonzalez, Fresno County Sheriff Office, Fresno County, Fresno County Public Defender, and Erin Dacayanan, Deputy Public Defender.

Plaintiff alleges the following in his operative complaint. On November 22, 2017, Defendant Lao violently beat Plaintiff in the head and face with his hand. Defendant Lao then slammed Plaintiff's face on steel bars several times before leaving Plaintiff almost "at a loss of conscience." Defendant Lao also pulled Plaintiff by the hand and slammed him into a chair. Plaintiff yelled for help, but no one responded. Defendant Lao said to Plaintiff, "No one gives a fuck about you," and laughed in Plaintiff's face. Defendant Gonzalez held Plaintiff as Defendant Lao attacked Plaintiff.

Plaintiff was not resisting Defendant Lao's orders, and did not provoke Defendant Lao. Plaintiff sustained head and neck injuries. Plaintiff went through several weeks of medical treatment, still has pain in his neck and head, and has flashbacks of the assault.

It has been a practiced policy at the jail that the deputies can do as they please to inmates and inmates are told that they cannot complain. Due to this policy, Defendant Lao made a deliberate choice to violate Plaintiff's constitutional right. The County's inaction to stop these types of unlawful actions give officers the belief that they are immune from any legal responsibility. Plaintiff alleges that he has seen staff members assault other inmates. Plaintiff further alleges that medical mental health staff have documented Defendant Lao's actions, but he is still allowed to work with inmates without regard to their safety.

## IV. ANALYSIS OF PLAINTIFF'S SECOND AMENDED COMPLAINT

### A. Section 1983 Claims

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

> injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* at 743-44.

Plaintiff does not allege that the Fresno County Public Defender and Erin Dacayanan made or participated in any affirmative act, or that they omitted to do any act that they are legally required to perform. Thus, Plaintiff fails to state any cognizable claim under § 1983 against said defendants.

### B. Municipal Liability Claim

A county or other local governmental entity may be liable for a constitutional deprivation where the plaintiff can "satisfy the requirements for municipality liability established by *Monell* and its progeny." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247

4

(9th Cir. 2016) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978)). Under *Monell*, an entity defendant cannot be held liable for a constitutional violation solely because it employs a tortfeasor. 436 U.S. at 691. An entity defendant can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy. *Id.* at 694. "In addition, a local governmental entity may be liable if it has a 'policy of inaction and such inaction amounts to a failure to protect constitutional rights.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)).

A "policy" is a "deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008). A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Los Angeles Police Protective League v. Gates*, 907 F.2d 879, 890 (9th Cir. 1990). "Since *Iqbal*, courts have repeatedly rejected conclusory *Monell* allegations that lack factual content from which one could plausibly infer *Monell* liability." *See, e.g., Rodriguez v. City of Modesto*, 535 Fed. App'x 643, 646 (9th Cir. 2013) (affirming district court's dismissal of *Monell* claim based only on conclusory allegations and lacking factual support).

Here, Plaintiff fails to allege a cognizable claim against Fresno County and the Fresno County Sheriff Office. Plaintiff does not identify any policy or custom of the entity defendants that led to a deprivation of his constitutional right. Plaintiff alleges only that there is a "practiced policy" of unlawful conduct by deputies and inaction by the County to stop unlawful actions. These conclusory allegations are insufficient to state a *Monell* claim against an entity defendant. Thus, Plaintiff fails to state any cognizable claim under § 1983 against Fresno County and the Fresno County Sheriff Office.

\\\
\\\

### C. Excessive Force Claim

To prevail on a Fourteenth Amendment excessive force claim, a detainee must show that a defendant purposely or knowing used force against him that was objectively unreasonable. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Whether the force is objectively unreasonable turns on the "facts and circumstances of each particular case." *Id*. at 2473 (quoting *Graham*, 490 U.S. at 396). This determination is to be made "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* "A court must also account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Id*. at 2473 (quoting *Bell v. Wolfish,* 441 U.S. 520, 540 (1979).

Plaintiff alleges that Defendant Lao physically assaulted him and Defendant Gonzalez held him as Defendant Lao attacked him. Plaintiff did not provoke the assault, and Plaintiff's injuries required several weeks of medical treatment. Plaintiff has sufficiently stated a cognizable excessive force claim. This finding merely allows this claim to proceed beyond the pleading stage, and does not consider any legitimate reasons defendants may have had for their actions.

### V. CONCLUSION AND RECOMMENDATIONS

The Court has screened Plaintiff's Second Amended Complaint and finds that it states a claim against Defendants Lao and Gonzalez for excessive force, but fails to state any other cognizable claim. The Court does not recommend granting further leave to amend because Plaintiff filed his Second Amended Complaint after receiving ample legal guidance from the Court, and further leave to amend appears to be futile.

Accordingly, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's claim against Deputy Lao and Deputy Gonzalez for excessive force; and
2. All other claims and defendants be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court or a notice indicating that he wants to stand on the objections he already filed. If Plaintiff chooses to file new objections, such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 5, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE